**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MICHAEL BRENNAN,
*individually and on behalf of all those similarly situated,*

**Plaintiff,**

v.

MRS BPO, L.L.C.,

**Defendant.**
_______________________________________/

## CLASS ACTION COMPLAINT

Plaintiff Michael Brennan ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant MRS BPO, L.L.C. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. Supplemental jurisdiction exists for the FCCPA claims under 28 U.S.C. § 1367

3. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

4. Venue of this action is proper in this Court because the cause of action alleged below arose in Broward County, Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant is a New Jersey Limited Liability Company , with its principal place of business located in Marlton, New Jersey.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

8. On or about December 4, 2025, Defendant began attempting to collect a debt from Plaintiff (the "Consumer Debt").

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

14. Defendant's "Consumer Collection Agency" license number is CCA0900813.

15. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

16. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

17. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

18. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

19. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

20. Additionally, Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

**The Unlawful Communications**

21. Between December 4, 2025, and December 22, 2025, Defendant placed seven (7) phone calls in an attempt to collect the Consumer Debt from Plaintiff by sending Plaintiff collection communications (the "First Collection Communications").

22. A screenshot of the First Collection Communications are attached hereto as "Exhibit A."

23. On or about December 22, 2025, Plaintiff sent Defendant a stop request, requesting Defendant to stop contacting Plaintiff (the "Stop Request").

24. A screenshot of the Stop Request is attached hereto as "Exhibit B."

25. Upon information and belief, the Stop Request was received by Defendant on December 22, 2025.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

26. Upon receipt of the Stop Request, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

27. On or about December 24, 2025, (labeled "Today 11:55 AM") despite knowing that Plaintiff had requested Defendant to stop contacting them, Defendant sent Plaintiff another collection communication in an attempt to collect the Consumer Debt (the "Second Collection Communication").

28. A screenshot of the Second Collection Communication is attached hereto as "Exhibit C."

## CLASS ALLEGATIONS

29. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined "FDCPA Class" and "FCCPA Class" (collectively, the "Classes").

### PROPOSED CLASS

30. The **"FDCPA Class"** consists of [1] all consumers with United States addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twelve (12) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was sent to the consumer after the consumer requested Defendant to cease communication with the consumer.

31. The **"FCCPA Class"** consists of [1] all consumers with Florida addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twenty-four (24) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was sent to the consumer after the consumer requested Defendant to cease communication with the consumer.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

32. Defendant and its employees or agents are excluded from the Classes.

33. Plaintiff does not know the number of members in the Classes but believes the members of the Classes to be in the several thousands, if not more.

## NUMEROSITY

34. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after the consumer requested Defendant to cease communication with the consumer. The members of the FDCPA Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout Florida after the person requested Defendant to cease communication with the consumer. The members of the FCCPA Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of each member of the Classes is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

37. There are numerous questions of law and fact common to the FDCPA Class which predominate over any questions affecting only individual members of the FDCPA Class. Among the questions of law and fact common to the FDCPA Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the FDCPA Class in an attempt to collect a debt; **[2]** Whether Defendant is a debt collector; **[3]** Whether Defendant, by and through said collection communications, violated the FDCPA; **[4]** Whether Defendant is liable for damages,


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

38. There are numerous questions of law and fact common to the FCCPA Class which predominate over any questions affecting only individual members of the FCCPA Class. Among the questions of law and fact common to the FCCPA Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the FCCPA Class in an attempt to collect a debt; **[2]** Whether Defendant is a "person" within the meaning of Fla. Stat. § 559.72; **[3]** Whether Defendant, by and through said collection communications, violated the FCCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the FDCPA and the FCCPA are accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

40. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

41. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

## SUPERIORITY

42. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation.

43. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)
***(For Plaintiff and the FDCPA Class)***

44. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference paragraphs 1-43 of this Class Action Complaint as though fully stated herein.

45. Pursuant to 15 U.S.C. § 1692c(c), "if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt" 15 U.S.C. § 1692c(c).


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

46. On or about December 22, 2025, Defendant was notified in writing, by and through the Stop Request, that Plaintiff requested Defendant to stop contacting them.

47. The Stop Request read: "Please cease all communication with me."

48. As such, Defendant knew Plaintiff requested Defendant to stop contacting Plaintiff. Despite knowing this, Defendant communicated with and/or contacted Plaintiff in connection with the collection of the Consumer Debt, by and through the Second Collection Communication.

49. Accordingly, Defendant violated 15 U.S.C. § 1692c(c) by communicating directly with Plaintiff in connection with the collection of the Consumer Debt via the Second Collection Communication.

**COUNT II**
**VIOLATION OF FLA. STAT. § 559.72 (7)**
***(For Plaintiff and the FCCPA Class)***

50. Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference paragraphs 1-43 of this Class Action Complaint as though fully stated herein.

51. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions. *See generally* Fla. Stat. § 559.72. Specifically, in collecting consumer debts and pursuant to the FCCPA, no person shall: "willfully engage in [] conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7).

52. As stated above, on or about December 22, 2025, Defendant was notified in writing, by and through the Stop Request, that Plaintiff requested Defendant to stop contacting them.

53. As such, Defendant knew Plaintiff requested Defendant to stop contacting Plaintiff. Despite knowing this, Defendant communicated with and/or contacted Plaintiff in connection with the collection of the Consumer Debt, by and through the Second Collection Communication.


**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

54. In doing so, Defendant willfully engaged in conduct which could reasonably be expected to abuse or harass Plaintiff. As such, by and through the Second Collection Communication, Defendant violated Fla. Stat. § 559.72(7).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and members of the Classes, respectfully requests this Court to enter a judgment against Defendant, awarding the following relief:

(a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b) Statutory damages as provided by 15 U.S.C. §1692k and Fla. Stat. § 559.77(2);

(c) An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692c(c) and Fla. Stat. § 559.72(7);

(d) An injunction requiring Defendant to comply with 15 U.S.C. § 1692c(c) and Fla. Stat. § 559.72(7);

(e) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(f) Any other relief that this Court deems appropriate under the circumstances.

DATED: June 10, 2026

Respectfully Submitted,

/s/ Samuel J. Awad .

**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*